## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **JENNIFER CROSS,** *et al.,* | * | |
| **Plaintiffs,** | * | |
| **v.** | * | **Civil Case No. SAG-24-1238** |
| **PNC BANK, N.A.,** *et al.,* | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>MEMORANDUM OPINION</u>

Jennifer Cross and Julie Cross (collectively, "Plaintiffs") filed a Complaint in state court against several defendants including PNC Bank, N.A. ("PNC"). ECF 4. PNC removed the case to this Court. ECF 1. PNC has now filed a motion to dismiss the two counts against it: Count IV (Violation of the Uniform Commercial Code ("UCC")) and Count V (Negligence). ECF 6. Plaintiffs opposed the motion, ECF 12, PNC filed a reply, ECF 13, and Plaintiffs filed a "supplement," ECF 18, to which PNC now seeks leave to file a supplemental reply, ECF 19.[1] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, PNC's motion to dismiss will be GRANTED, and Plaintiffs' claims against PNC will be dismissed without prejudice.

---

[1] Plaintiffs' "supplement" is technically an improper surreply filed in contravention of the Local Rules of this Court. *See* Loc. R. 105.2.a (D. Md. 2023) ("Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed."). However, because it did not ultimately alter the outcome, this Court has considered the improper filing and will also grant PNC's motion for leave to file its supplemental reply.

## I.    FACTUAL BACKGROUND

The facts described herein are derived from Plaintiffs' Complaint and are taken as true for purposes of this motion. Plaintiffs are twin sisters who were removed from the custody of their mother, Linda Cross, at the age of twelve due to her "well known and prolonged battles with drug addiction, abandonment, and homelessness." ECF 4 ¶¶ 3, 13. Plaintiffs were then raised by their father and were largely estranged from their mother's side of the family. *Id.* ¶¶ 14–15. However, their maternal great-grandfather, John J. Wohner, Jr. ("Wohner"), passed away in 2016 and named Plaintiffs, among others, as beneficiaries of his trust ("the Wohner Trust"). *Id.* ¶¶ 17–18. In February, 2020, the personal representatives of Wohner's estate and co-trustees of the Wohner Trust sold a piece of the Trust's real property in exchange for one million dollars. *Id.* ¶ 22. As a result, on Plaintiffs' eighteenth birthday, March 6, 2021, the Wohner Trust issued each Plaintiff a check in the amount of $43,087.85 ("the Wohner Checks"). *Id.* ¶ 24.

"The Wohner Checks were sent to" the address of Plaintiffs' mother, Linda Cross, who by that time, did not have custody or meaningful contact with Plaintiffs for more than five years.[2] *Id.* ¶ 25. At that time, Plaintiffs had no knowledge that they were beneficiaries of the Wohner Trust or should expect checks. *Id.* ¶ 26. Linda Cross failed to notify Plaintiffs about the checks, and instead fraudulently indorsed both checks to herself, depositing them into a bank account at PNC in the name of Linda Cross and Garrison K. Lee, Jr., her fiancé ("Lee"). *Id.* ¶¶ 28–31.

Linda Cross died on June 29, 2023. *Id.* ¶ 32. When Plaintiffs notified their uncle of their mother's passing, he first advised them of the Wohner Trust and the checks. *Id.* ¶¶ 33–34. Plaintiffs contacted PNC and presented documentation regarding the wrongful indorsement of the checks by

---

[2] Because they employ the passive voice, Plaintiffs do not allege who sent the checks or provided the mailing address.

their mother, but the bank declined to take curative action. *Id.* ¶¶ 35–37. This lawsuit ensued, in which Plaintiffs have also sued Lee and two representatives and trustees of Wohner's estate and the Wohner Trust. *Id.*

## II.   LEGAL STANDARDS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a

3

complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks and citation omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). However, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

## III.   ANALYSIS

### A.  UCC Claim

Plaintiffs' claim for "violation of the UCC" references only one provision of that code, MD. CODE ANN., COM. LAW § 3-406. ECF 4 ¶ 61. Although the Fourth Circuit has not addressed that provision in the context of a Maryland case, in considering the identical provision of the UCC codified in North Carolina, the Fourth Circuit ruled that § 3-406 "provides for a defense but does not expressly create a cause of action." *Wachovia Bank, N.A. v. Fed. Reserve Bank of Richmond*, 338 F.3d 318, 325 (4th Cir. 2003). That ruling comports with the language of § 3-406, which refers

4

to when a claim "is precluded" and how "loss is allocated" instead of providing that a person "may recover" from another entity, like in surrounding provisions of the code providing causes of action. *Compare* § 3-406, *with* § 3-404(d) and § 3-301. Many courts within the Fourth Circuit have agreed that § 3-406 provides no affirmative cause of action. *See, e.g.*, *Halifax Corp. v. Wachovia Bank*, 604 S.E.2d 403, 409 (Va. 2004); *Cionci v. Wells Fargo Bank, N.A.*, Civ. No. 9-21-c-03175-BHH-MHC, 2022 WL 5237341, at *14 (D.S.C. July 19, 2022) (finding "persuasive the reasoning of the Fourth Circuit and Virginia's Supreme Court, and similarly conclud[ing] that S.C. Code Ann. § 36-3-406 does not expressly create a cause of action"); *Willier, Inc. v. Hurt*, Civ. No. 5:06-cv-00547, 2007 WL 4613033, at *6 n.9 (S.D. W. Va. Dec. 31, 2007) ("[M]ost courts have held that § 3-406, which addresses negligence contributing to a forged signature, does not support an independent cause of action."). In light of the persuasiveness of this precedent and the language of the statute, this Court agrees and finds that § 3-406 allows only a defense, not a cause of action.

With that ruling, Plaintiffs' Complaint does not allege any other provision of the UCC to have been violated. Its generic reference to "other provisions of the Maryland Commercial Code as applicable and/or industry customs," ECF 4 ¶ 61, does not suffice to provide PNC fair notice of the nature of any other UCC-based claim Plaintiffs may have.[3] Accordingly, Plaintiffs' UCC claim will be dismissed without prejudice.

---

[3] Plaintiffs' opposition makes repeated reference to MD. CODE ANN., COM. LAW § 3-420.  Plaintiffs cannot amend their complaint through motions briefing. *See Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997), *aff'd*, 141 F.3d 1162 (4th Cir. 1998) (explaining that plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint").

### B. Negligence Claim

Plaintiffs' negligence claim against PNC also must be dismissed as preempted by the UCC.

As another judge of this Court recently reasoned:

> The UCC was designed to simplify laws governing commercial transactions and ensure uniformity among different jurisdictions. *Texas Star Nut & Food Co., Inc. v. Truist Bank*, 632 F.Supp.3d 664, 669 (D. Md. 2022). Thus, "when the Code and common law both provide a means of recovery, the Code should displace the common law, because variations in the common law among states destroy the uniformity in commercial transactions sought to be accomplished by the [UCC]." *Id.* Courts in the Fourth Circuit have held that common law tort claims relating to negotiable instruments, like cashier's checks, are preempted by the UCC because the code provides adequate recovery in Titles 3 and 4. *See Nirav Ingredients, Inc. v. Wells Fargo Bank, N.A.*, No. 21-1893, 2022 WL 3334626, at *1 (4th Cir. Aug. 12, 2022) (finding that negligence claim related to wire transfer was preempted by the UCC); *Mahabare v. SunTrust Bank*, 573 F. Supp. 3d 1006, 1012 (D. Md. 2021) (dismissing negligence claim because "Titles 3 and 4 of the Maryland UCC provide a comprehensive statutory scheme for the rights and remedies concerning negotiable instruments and bank deposits and collections, respectively"); *Silver v. Wells Fargo Bank, N.A.*, No. MJG-16-382, 2017 WL 3621235, at *3 (D. Md. Aug. 23, 2017) (dismissing negligence claims as preempted by the UCC); *Advance Dental Care, Inc. v. SunTrust Bank*, 816 F. Supp. 2d 268, 271 (D. Md. 2011) (dismissing conversion claim because UCC § 3-420 preempted it).

*McLucas v. JPMorgan Chase Bank, N.A.*, Civ. No. GLR 23-735, 2024 WL 1178187, at *4 (D. Md. Mar. 19, 2024).

While it is true that Plaintiffs have not adequately asserted a UCC claim against PNC, the UCC explains where Plaintiffs' remedy lies, assuming, as they allege, that they never received delivery of the checks:

> Until delivery, the payee does not have any interest in the check. The payee never became the holder or a person entitled to enforce the check. Section 3-301. Nor is the payee injured by the fraud. Normally the drawer of the check intends to pay an obligation owed to the payee. But if the check is never delivered to the payee, the obligation owed to the payee is not affected. If the check falls into the hands of a thief who obtains payment after forging the signature of the payee as an indorsement, the obligation owed to the payee continues to exist after the thief receives payment. Since the payee's right to enforce the underlying obligation is unaffected by the fraud of the thief, there is no reason to give any additional remedy to the payee.

U.C.C. § 3-420, cmt. 1; *see also* MD. CODE ANN., COM. LAW § 3-420, cmt. 1. Plaintiffs have not alleged facts suggesting (nor have they argued) that they have a lack of adequate remedy under the UCC. *See Chi. Title Ins. Co. v. Allfirst Bank*, 905 A.2d 366, 377 (Md. 2006) (allowing a common law action to proceed where a drawer lacked an adequate remedy under the UCC). This Court therefore finds that, as currently pleaded, Plaintiffs' negligence claims are preempted by the UCC, whether or not Plaintiffs were PNC customers. However, their claims will be dismissed without prejudice at this juncture.

## IV.    CONCLUSION

For the reasons set forth above, PNC's Motion to Dismiss, ECF 6, and Motion for Leave to File a Supplemental Reply in Support of Its Motion to Dismiss, ECF 19, are GRANTED, and Plaintiffs' claims against PNC are dismissed without prejudice. A separate Order follows, which will afford Plaintiffs thirty days to file a motion for leave to amend their claims against PNC, if desired.

Dated:  July 15, 2024

_____/s/_____
Stephanie A. Gallagher
United States District Judge