IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **JENNIFER CROSS,** *et al.,* | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No. SAG-24-1238 |
| **DEBORAH DIDEHVAR,** *et al.,* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

# MEMORANDUM OPINION

Jennifer Cross and Julie Cross (collectively, "Plaintiffs" or the "Cross sisters") filed a Complaint in state court against several defendants including Deborah Didehvar and Benny Martin. ECF 4. One of the Defendants, PNC Bank, N.A. ("PNC"), removed the case to this Court. ECF 1. Two motions are currently pending. Defendants Didehvar and Martin have filed a motion to dismiss the three counts against them: Count I (Breach of Fiduciary Duty), Count II (Breach of Contract), and Count III (Negligence). ECF 17. Plaintiffs opposed the motion, ECF 22, and Didehvar and Martin filed a reply, ECF 23. In addition, Plaintiffs have filed a motion seeking to amend their complaint to revise their claims against PNC, ECF 24, which this Court previously dismissed, ECF 20. PNC opposed the motion, ECF 26, and Plaintiffs did not file a reply. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, Didehvar and Martin's motion to dismiss will be granted in part and denied in part and Plaintiffs' motion for leave to amend will be denied.

   I.   **FACTUAL BACKGROUND**

The facts derived from Plaintiffs' Complaint are taken as true for purposes of this motion. Plaintiffs are twin sisters who were removed from the custody of their mother, Linda Cross, at the

age of twelve due to her "well known and prolonged battles with drug addiction, abandonment, and homelessness." ECF 4 ¶¶ 3, 13. Plaintiffs were then raised by their father and were largely estranged from their mother's side of the family. *Id.* ¶¶ 14–15. However, their maternal great-grandfather, John J. Wohner, Jr. ("Wohner"), passed away in 2016 and named Plaintiffs, among others, as beneficiaries of his trust ("the Wohner Trust"). *Id.* ¶¶ 17–18. Didehvar and Martin served as personal representatives of Wohner's estate and co-trustees of the Wohner Trust. *Id.* ¶¶ 5, 8. In February, 2020, Didehvar and Martin sold a piece of the Trust's real property in exchange for one million dollars. *Id.* ¶ 22. As a result, on Plaintiffs' eighteenth birthday, March 6, 2021, the Wohner Trust issued each Plaintiff a check in the amount of $43,087.85, representing their allotted proceeds from the sale ("the Wohner Checks"). *Id.* ¶ 24.

"The Wohner Checks were sent to" the address of Plaintiffs' mother, Linda Cross, who by that time, did not have custody and had not had meaningful contact with Plaintiffs for more than five years.[1] *Id.* ¶ 25. At that time, Plaintiffs had no knowledge that they were beneficiaries of the Wohner Trust or should expect checks. *Id.* ¶ 26. Linda Cross failed to notify Plaintiffs about the checks and instead fraudulently indorsed both checks to herself, depositing them into a bank account at PNC in the name of Linda Cross and Garrison K. Lee, Jr., her fiancé ("Lee"). *Id.* ¶¶ 28–31.

Linda Cross died on June 29, 2023. *Id.* ¶ 32. When Plaintiffs notified their uncle of their mother's passing, he first advised them of the Wohner Trust and the checks. *Id.* ¶¶ 33–34. Plaintiffs contacted PNC and presented documentation regarding the wrongful indorsement of the checks by

---

[1] Because they employ the passive voice, Plaintiffs do not allege who sent the checks or who decided upon the address for mailing.

2

their mother, but the bank declined to take curative action. *Id.* ¶¶ 35–37. This lawsuit ensued, in which Plaintiffs named Didehvar, Martin, PNC, and Lee as defendants. ECF 4.

## II. DIDEHVAR AND MARTIN'S MOTION TO DISMISS

### A. LEGAL STANDARDS

A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions'…." (citation omitted)); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a

3

complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if … [the] actual proof of those facts is improbable and … recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks and citation omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). However, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

B. ANALYSIS

A. Breach of Contract Claim

Plaintiffs have not adequately pled facts to suggest a cognizable breach of contract claim against Didvehar and Martin. While their Complaint references a "revocable trust agreement dated November 15, 2007," ECF 4 ¶ 5, it does not set forth any terms of that agreement, asserting only that Didvehar and Martin's actions were not "consistent with the applicable provisions thereof." ECF 4 ¶ 51. In fact, it appears from the Complaint itself that Plaintiffs do not have any actual knowledge of the contents of the trust agreement. *See* ECF 4 ¶ 34 (noting that Plaintiffs' uncle

4

"was not able to provide the Cross sisters with a copy of the Wohner Trust or any related documentation."). Plaintiffs' ability to state a viable breach of contract claim may change after discovery commences. At present, however, Plaintiffs have not alleged sufficient facts to plead a plausible breach of contract claim for a contract they have never seen or to give the defendants sufficient notice of the nature of their contractual claims.

### B. Negligence and Breach of Fiduciary Duty Claims

Initially, Didehvar and Martin contend that Plaintiffs' negligence and breach of fiduciary duty claims must be dismissed as preempted by the UCC. ECF 17-1 at 5 (citing *McLucas v. JPMorgan Chase Bank, N.a.*, 2024 WL 1178187 (D. Md. Mar. 19, 2024)). That contention is unpersuasive. Plaintiffs' claims against Didehvar and Martin do not arise out of the negotiation of the checks but out of the duties Didehvar and Martin owed to Plaintiffs as fiduciaries of the Wohner Estate. In other words, Plaintiffs' claims against Didehvar and Martin sound in estates and trusts law, not commercial transactions. And Plaintiffs' claims extend beyond simply sending the checks to the incorrect address, as their Complaint also alleges a failure to sell the Estate's real property at the best price. The UCC does not preempt these claims.

Didehvar and Martin also argue that the alleged criminal actions of Linda Cross and Garrison Lee, Jr. constitute an intervening cause that breaks the chain of causation, even assuming some negligent conduct on the part of Didehvar and Martin. *Id.* This Court finds those issues of proximate cause to be inappropriate for disposition at the motion to dismiss stage. *See Lashley v. Dawson*, 162 Md. 549, 562(1932) ("The true rule is that what is proximate cause of an injury is ordinarily a question for the jury."); *see also Pittway Corp., et al. v. Collins*, 409 Md. 218, 253 (2009) ("It is well established that, 'unless the facts admit of but one inference ... the determination of proximate cause ... is for the jury.'") (citation omitted). Under the low bar applicable when

5

considering a motion to dismiss, Plaintiffs have adequately stated claims for negligence and breach of fiduciary duty against Didehvar and Martin.

## III. PLAINTIFFS' MOTION FOR LEAVE TO AMEND

### A. LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

### B. ANALYSIS

PNC does not argue prejudice or bad faith but contends that Plaintiffs' proposed amendment is futile because their proposed changes do not remedy the deficiencies leading to this Court's dismissal of the original Complaint. ECF 26. As the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; see also 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous, advancing a claim or defense that is legally insufficient on its

face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)).

Here, Plaintiffs' claims against PNC are clearly insufficient or frivolous for the reasons stated by this Court in its earlier Memorandum Opinion. ECF 20. With respect to the proposed cause of action under UCC § 3-420, the UCC simply does not permit payees who never received delivery of a check (like the Cross sisters) to sue the drawee (here, PNC). *See Est. of Greenwald v. PNC Bank, N.A.*, Civ. No. SAG-21-3060, 2022 WL 684129, at *4 (D. Md. Mar. 8, 2022) (quoting Md. Code, Com. Law Art. 30429, Official Comment 1) (finding a UCC conversion claim against a bank futile where intended payee did not receive delivery of the instrument). Under the facts alleged by the Cross sisters, they never became holders of the checks or people entitled to enforce the checks, because they never received them. Instead, a payee's recourse is to pursue the drawer of the check (here, the Wohner Trust that failed to deliver the checks owed to the Cross sisters), because the drawer never made the payment owed to the payee. The Wohner Trust, in turn, would have remedies against PNC for breach of warranty under UCC §§ 3-417(a)(1) or 4-208(a)(1).

Plaintiffs' other proposed UCC claim against PNC is equally futile. Plaintiffs invoke UCC § 3-404, informally known as the "imposter rule," which governs three sets of circumstances. First, it applies in a circumstance where an imposter induces the issuer of an instrument to issue the instrument to the imposter by impersonating the payee or an agent of the payee. *See id.* § 3-404(a). Second, it applies in a circumstance where the person determining to whom the instrument is payable does not intend the person identified as the payee to have an interest in the instrument. *See id.* § 3-404(b)(i). Third, it applies in a circumstance where the identified payee on the instrument is a fictitious person. *See id.* § 3-404(b)(ii).

This case, as alleged by Plaintiffs, does not present any of those circumstances. There are no allegations that any imposter induced the Wohner Trust to issue the checks to Plaintiffs' mother or Defendant Lee. In fact, Plaintiffs allege that the checks were made payable to the Cross sisters. ECF 4 ¶ 24. There are no allegations that the Wohner Trust (or other person determining to whom the checks should be paid) did not intend the Cross sisters to have an interest in the checks, and there are no allegations that the Cross sisters, who are Plaintiffs in this case, are fictitious persons. Simply put, the imposter rule is inapplicable. Under the UCC, which governs Plaintiffs' relationship with PNC in this case, Plaintiffs have suffered no loss because the Wohner Trust still owes them the monies owed them as beneficiaries. Their efforts to assert a UCC-based claim against PNC, then, are futile and leave to amend will be denied.

### IV.  CONCLUSION

For the reasons set forth above, Didehvar and Martin's Motion to Dismiss, ECF 17, is GRANTED in part as to the breach of contract claim and DENIED in part as to the remaining claims, and Plaintiffs' Motion for Leave to Amend, ECF 24, is DENIED. A separate Order follows.

Dated: October 23, 2024                                             /s/
                                                            Stephanie A. Gallagher
                                                            United States District Judge